CASE 46—ACTION BY WILLIAM SPECHT AGAINST LOUISVILLE WATER COMPANY FOR A MANDATORY INJUNCTION.—JAN. 22.

# Specht v. Louisville Water Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

WATER COMPANY—FURNISHING WATER TO CONSUMER—REASONABLE REGULATIONS.

Held: 1. A water company can not be compelled to violate its regulations under which it furnishes water on the meter plan, but with reference to only one building or residence, by furnishing water to one consumer through one meter for his place of business, residence, and four tenant cottages.

LANE & HARRISON, FOR APPELLANT.

Our contention is:

1. That the appellee, Water Company, has no authority to refuse to furnish water to appellant because he violated a rule

Specht v. Louisville Water Company.

of the company by laying one hundred and seventy feet of water pipe at his own expense and on his own premises, which was connected with the water pipe in his saloon, and which was laid so as to include four cottages belonging to plaintiff and without the knowledge or consent of the appellee.

(a) Because it is admitted that appellant is a quasi public corporation; that it owes certain duties, and is under certain obligations to the public which are stated in section 931, vol. 3, Cook on Corp., to-wit: "A water company is also a quasi public corporation and must supply water to all who apply therefor and offer to pay for the water."

(b) If appellant has violated the rules of the company, he is subject to a penalty of not exceeding twenty dollars therefor, which may be recovered by an action in the name of appellee before any justice of the peace of Jefferson county, but there is no authority any where conferred to visit any violation of the rules, with a refusal to furnish him with water so long as he is willing and able to pay therefor.

### AUTHORITIES CITED.

Burnett's Code, sec. 853; Griffin v. Goldsboro, 122 N. C., 206; Mobile v. Bienville, 130 Ala., 379; Hagnen v. Albin, 21 Ore., 42; Central v. Tally, 118 Ind., 194; Lumbard v. Stein, 4 Cushing, 61; Williams v. Mutual Gas Co., 52 Mich., 499; Price v. Whitesides, 56 Cal., 431; Crosby v. Montgomery, 108 Ala., 498; Fertilizing Co. v. Hyde Park, 97 U. S., 657; Green v. Covington, 83 Ky., 412; Ky. Rev. Nav. Co. v. Com., 13 Bush, 441; Johnson v. Louisville, 11 Bush, 533; Clark & Marshall, Private Corp., vol. 1, p. 667; Chestnut v. Martin, 12 Pa. St., 362; Meyer v. Kirby, 14 S. & R., 165; Lindell v. Hannibal, 36 Mo., 545; Owensboro v. Hildebrand, 19 R., 983; Louisville Gas Co. v. Dulaney, 18 R., 849; Com. v. Jones, 10 Bush, 725; Frank v. Paducah Water Co., 88 Ky., 467; Slate v. Butte, 44 Pac., 956.

BURNETT & BURNETT, for appellee.

### POINTS AND AUTHORITIES.

1. Equity will not extend the service of water subscribed for one dwelling, so as to supply water by secret and unauthorized connections to five other houses without any additional compensation.

2. An owner of property in a city has no right to connect with a company's pipe or main without first applying to the company for permission to so use its pipe.

Specht v. Louisville Water Company.

3. A water company has the power to adopt such rules for the protection of its property and the sale of water as are just and proper.

4. The right of a water company to adopt reasonable rules and regulations in regard to the use of its property, although devoted to public use, is unquestioned, and in every way essential to the performance of its contracts with the city. 88 Ky., 473.

## AUTHORITIES CITED.

Soyre v. Benevolent Association, 1 Duvall, 144; Frank v. Paducah Water Supply Co., 88 Ky., 473; People v. Board of Trade, 45 Ill., 113.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

The purpose of this suit was to obtain a mandatory injunction against the appellee, the Louisville Water Company, requiring it to deliver by and through a meter belonging to and constructed by it in the month of May, 1901, opposite the lot of appellant, into the pipe of the appellant on his premises, water with which to sprinkle and clean the streets in front of his saloon, hall, residence and four cottages, all located upon a lot of land owned by appellant; the saloon, hall, and residence occupied by appellant, and the four cottages by his tenants.   The appellant contends that appellee, as a *quasi* public corporation, should be compelled to furnish him water for the uses named at the price he had been paying for eight or nine years, to wit, ten cents per day for not exceeding 700 gallons per day; and if he used exceeding that amount he was to pay in proportion.   He further contends that, having received and paid for the water under the meter system, he was entitled to use it as he saw fit, or at least for the benefit of his tenants.   Appellee contends that it had the right to establish under its charter reasonable rules and regulations in the conduct of its business in supplying all persons along the line of its mains without

discrimination, and that all persons along the line of its mains were entitled to the same service at uniform rates; that, having such right, it adopted two methods for its customers to purchase water—one the assessment and the other the meter plan. The assessment plan is estimated by the number of rooms in the house, the number of bath tubs, sinks, closets, faucets, and the size and depth of the lot upon which the building is located. The meter plan is to measure the amount of water and charge for the amount used. In either plan the reference is to one building or residence. It appears from this record without material contradiction that appellant, in the year 1901, received water from the appellee under the meter system, and that a hose box was situated in front of or by his saloon, to which he attached his hose for his individual use, and also attached a pipe under the ground and near the bottom of the hose box (this seems to have been attached without the knowledge of the water company), and extended this pipe along in front of and into the yards of his four cottages, and attached a water faucet about eighteen inches from the ground in each cottage yard within easy access to the inmates thereof and to the general public.

In the year 1902 the appellee refused to renew the contract with appellant and furnish him water that year unless he would detach the pipe that extended along the front of the four cottages and agree not to furnish water from this hose box to his tenants in the cottage, it having previously extended from its main service pipes into the yards of these cottages. Appellant refused to accede to this demand, and instituted this action. The lower court refused appellant the injunction, and dismissed his petition.

We are of the opinion that he had no right to connect the pipes to his cottages and supply them with water from the

service pipe to his house for dwelling purposes, and we think the rule of the company complained of by appellant is a reasonable one. There is no allegation in the pleadings nor evidence showing that appellee had violated its rules and regulations in any particular, or had discriminated against appellant in any manner. The substance and effect of his contention is that it would not violate its rules and furnish him and his tenants all the water he desired through this one hose box by the meter plan; in other words, to discriminate in his favor.

Wherefore the judgment is affirmed.

Petition for re-hearing by appellee overruled.